UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 24-00094-MWF (MAAx)    **Date:** February 6, 2024
**Title:** Advanced Orthopedic Center, Inc. v. UnitedHealthcare Insurance Company

---

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT, SMALL CLAIMS DIVISION [14]

Before the Court is Plaintiff Advanced Orthopedic Center, Inc.'s Opposition to Removal of Small Claims which is being treated as a Motion to Remand. (Docket No. 14).

On January 5, 2024, Defendant UnitedHealthcare Insurance Company removed this action from the Los Angeles Superior Court, Small Claims Division. Defendant invoked subject matter jurisdiction under 28 U.S.C. § 1442(a)(1) because of Defendant's role as an administrator of the Medicare Advantage Program. (Notice of Removal ("NOR") (Docket No. 1) at 1). Plaintiff alleges that Defendant underpaid Plaintiff for "emergent/post stabilization emergent care" allegedly provided to a non-party patient. (Complaint (Docket No. 1-1)). A federal question is not apparent on the face of the Complaint as it appears to allege a breach of contract. Nonetheless the federal officer removal statute under which Defendant removed this action provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 24-00094-MWF (MAAx)**           **Date:  February 6, 2024**
**Title:**  Advanced Orthopedic Center, Inc. v. UnitedHealthcare Insurance Company

---

thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

Courts disagree about whether Medicare Advantage Organizations ("MAOs") "act under" Centers for Medicare and Medicaid Services ("CMS") for purposes of the federal officer removal statute.  The Sixth Circuit addresses this issue and held that MAOs do not act under CMS for purposes of the federal officer removal statute.  *See Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 622–23 (6th Cir. 2016).  The Sixth Circuit stated that CMS has an "arms-length" relationship with MAOs and that MAOs' "autonomy to utilize innovations of the private market in MA plan design and implementation indicates that MAOs are not closely supervised or controlled by CMS."  *Id.* at 623.  The Court finds the Sixth Circuit's reasoning that CMS does not delegate legal authority to MAOs or authorize MAOs to act on its behalf to be persuasive.

Accordingly, the Motion is **GRANTED**.

IT IS SO ORDERED.